FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 16, 2024

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| AMBER LYNN S., | No: 2:22-cv-00258-LRS |
| Plaintiff, | |
| v. | ORDER REMANDING THE COMMISSIONER'S DECISION |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' briefs. ECF Nos. 14, 18. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Amy M. Gilbrough. Defendant is represented by Special Assistant United

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the Defendant in this suit.

ORDER - 1

States Attorney Jeffrey E. Staples.  The Court, having reviewed the administrative

record and the parties' briefing, is fully informed.  For the reasons discussed below,

Plaintiff's brief, ECF No. 14, is granted and Defendant's brief, ECF No. 18, is

denied.

## JURISDICTION

Plaintiff Amber Lynn S. [2] (Plaintiff), filed for disability insurance benefits

(DIB) on March 23, 2020, alleging an onset date of February 1, 2017.[3]  Tr. 256-57.

Benefits were denied initially, Tr. 147-61, and upon reconsideration, Tr. 171-75.

Plaintiff appeared at a hearing before an administrative law judge (ALJ) on August

31, 2021.  Tr. 73-104.  On September 20, 2021, the ALJ issued an unfavorable

decision, Tr. 27-47, and the Appeals Council denied review, Tr. 1-7.  The matter is

now before this Court pursuant to 42 U.S.C. § 405(g).

---

[2] The court identifies a plaintiff in a social security case only by the first name and

last initial in order to protect privacy.  *See* Local Civil Rule 5.2(c).

[3] Plaintiff filed a prior Title II claim alleging disability beginning April 1, 2018.

On November 27, 2019, a different ALJ issued an unfavorable decision finding

Plaintiff not disabled through that date.  Tr.  Tr. 105-27.  The decision was not

appealed and is therefore administratively final.  Tr. 30.   At the hearing, the

alleged onset date was amended to December 19, 2019.  Tr. 76.

ORDER - 2

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 47 years old on her date last insured.  Tr. 76.  She has work experience as a pet grooming instructor, grooming salon manager, and running her own pet grooming business.  Tr. 95-96.  She testified that since the prior ALJ decision, she has become more anxious, more isolated, and more "shut down."  Tr. 80.  She takes medication for bipolar disorder, anxiety, and a mood stabilizer.  Tr. 82-83.  Plaintiff testified that she has difficulty leaving her property due to anxiety.  Tr. 85-86.  She has good days and bad days.  Tr. 86-87.  On bad days, she experiences uncontrollable crying and lounges or lays in bed all day.  Tr. 87.  She is "triggered" daily and she becomes agitated, freezes, cannot make decisions, and becomes confused and emotional.  Tr. 89.  She has panic attacks.  Her ankles hurt, so she has difficulty walking.  Tr. 88, 91.  She ices her ankle three to four times a day.  Tr. 92.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158

ORDER - 3

(9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 4

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to

ORDER - 5

step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER - 6

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commiss0ioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity through her date last insured of June 30, 2020. Tr. 33. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: bipolar disorder and alcohol abuse. Tr. 33. At step three, the ALJ found that through the date last insured, Plaintiff did not have an impairment or

ORDER - 7

combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 34.

The ALJ then found that through the date last insured, Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with the following nonexertional limitations:

> [T]he claimant could understand, remember, and carry out simple, routine tasks with short, simple instructions with occasional work-setting changes and occasional, routine interaction with supervisors; no team or cooperative tasks but may work in proximity to others with no required interaction with the general public as an essential element of the job.

Tr. 35.

At step four, the ALJ found that through the date last insured, Plaintiff was unable to perform any past relevant work.  Tr. 40.   After considering Plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ found that through the date last insured, there were other jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as laundry worker II, unskilled work, or garment sorter.  Tr. 42.  Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, at any time through June 30, 2020, the date last insured.  Tr. 42.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act.  ECF No. 14. Plaintiff raises the following issues for review:

1.    Whether the ALJ properly considered Plaintiff's symptom testimony;

2.    Whether the ALJ properly considered the medical opinion evidence; and

3.    Whether the ALJ properly found no severe physical impairment.

ECF No. 14 at 1-2.

## DISCUSSION

**A.    Symptom Testimony**

Plaintiff contends the ALJ failed to properly consider her symptom testimony. ECF No. 14 at 4-11.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

ORDER - 9

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017); 20 C.F.R. § 404.1529(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, at *2.

The ALJ found the record indicates a history of bipolar disorder and symptoms including depression, irritability, and problems with social functioning, but found the record is not entirely consistent with the extent of the symptoms alleged.  Tr. 37.

First, the ALJ found the record reflects that Plaintiff's activities are not consistent with the degree of limitations alleged.  Tr. 38-39.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.  *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989).  Furthermore, "[e]ven where [Plaintiff's

daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1113.

The ALJ observed that Plaintiff reported she can prepare simple meals, drive, and do household chores with some prompting, and she spends time watching television, talking on the phone or video chatting.  Tr. 38-39, 306-13.  However, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016; *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her [testimony] as to her overall disability.").  The ALJ cited no evidence suggesting that these activities were performed by Plaintiff in a manner transferable to a work setting, nor did the ALJ describe how these activities contradict her reported symptom claims.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).  These activities do not constitute substantial evidence of daily activities inconsistent with Plaintiff's allegations.

The ALJ also noted that Plaintiff said one of her treatment goals was that she wanted to find work, Tr. 479, and that her "past work history demonstrates much

more ability than she alleged at the hearing." Tr. 39 (citing Tr. 259-60).  First, wanting to work is not the same as being able to work, nor does it shed any light on a claimant's ability to work.  Second, it is unclear what the ALJ means by referencing Plaintiff's work history because the statement is not explained.  Tr. 39. As Plaintiff observes, ECF No. 14 at 10, the ALJ's decision includes a finding that she cannot perform her past work, Tr. 40, so there is no inconsistency between Plaintiff's allegations and her ability to perform certain jobs before the alleged onset date.  The ALJ's finding that Plaintiff's activities are inconsistent with her allegations is not supported by Plaintiff's desire to work and work history.

The ALJ also noted that before the date last insured, Plaintiff reported driving to or being in Eastern Washington and spending time with family or friends.  Tr. 38-39, 492, 500, 518.  In February 2020, Plaintiff reported that "[s]he is excited to head to Spokane for a few days" and "[s]he will be traveling to Spokane with [her mother] and staying a week."  Tr. 492.  In March 2020, Plaintiff reported that she was "in quarantine in Elk, Eastern Washington"[4] and would be unable to make her next appointment for an Abilify injection.  Tr. 500.  In May 2020, Plaintiff said she "went over to Spokane to visit her brother and nephews.  She had a nice drive with her nephew and indicated it was a good trip."  Tr. 518.  It is not clear whether these records reference one trip or multiple trips, nor do they reveal the nature and extent

_____

[4] The town of Elk is located in Spokane County, approximately 30 miles from Spokane.

ORDER - 13

of Plaintiff's activities or social interaction while traveling.  In this case, these few vague records, without more, do not constitute substantial evidence that Plaintiff engaged in activities inconsistent with her allegations.

Lastly, the ALJ observed that Plaintiff consistently attended her appointments independently and engaged appropriately with providers.  Tr. 39.  Attendance at intermittent appointments is not the same as attending work on a consistent and regular basis and the ALJ did not document how Plaintiff's behavior with regard to medical appointments is inconsistent with her allegations.  While this may be a reasonable consideration if adequately supported by references to the record, this finding by itself is an insufficient basis for discounting Plaintiff's symptom statements.

Second, the ALJ found Plaintiff's statements and alleged limitations are inconsistent with modest mental status exam findings throughout the relevant period. Tr. 37-38.  An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601.  However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857.  Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor.  *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

ORDER - 14

The records cited by the ALJ indicate that during the relevant period, Plaintiff presented with a normal or euthymic mood at times and a depressed mood on other occasions.   Tr. 37-38 (citing Tr. 465-66 (euthymic), 468 (depressed), 474 (euthymic), 485-86 (sad, depressed), 748 (depressed)); *see also* Tr. 471 (depressed), 476 (depressed), 483 (euthymic), 492 (euthymic), 494 (sad, labile), 496 (euthymic), 512 (euthymic) 744 (euthymic), 744 (euthymic).[5]  Other mental status exam findings in those same records were otherwise essentially normal.  *See id.*  Although mental status exams document some variable depression, the ALJ found that mostly normal findings such as speech, logical thought processes, and appropriate thought content undermine the degree of tearfulness, anxiety, and lability alleged.  Tr. 38.

Plaintiff argues that she had telehealth or telephone appointments with Mr. Belete due to the COVID-19 pandemic, so her mental status exams "would not generally have been abnormal given that they were conducted with Plaintiff was at home." ECF No. 14 at 14.  However, neither Mr. Belete nor any other provider drew such a conclusion, and this assumption is not supported by the record.  Plaintiff also observes that the ALJ did not cite records from Mr. Belete indicating what she characterizes as significant symptoms, such as an August 2020 record finding Plaintiff to be whining with anxious and depressed mood, emotional, and very

---

[5] Plaintiff cites other records indicating anxious mood in the record, but those records generally post-date the date last insured or are otherwise addressed above. ECF No. 14 at 19.

ORDER - 15

anxious, Tr. 764; records from fall 2020 wherein Plaintiff reported her symptoms were under control, Tr. 774, 781; and records from December 2020, February 2021, and April 2021, Tr. 931, 947, 975. ECF No. 14 at 14. However, these records are all dated after the date last insured.

Regardless, even if substantial evidence supports the ALJ's finding about the content of mental status exams during the relevant period, an ALJ may not discredit a claimant's pain testimony only because the degree of pain alleged is not supported by objective medical evidence. *Rollins*, 261 F.3d at 857 (9th Cir. 2001); *Bunnell*, 947 F.2d at 346-47; *Fair*, 885 F.2d at 601. As discussed *supra*, the only other reason given by the ALJ for rejecting Plaintiff's symptom testimony involved analysis of her daily activities, which was based on error.

Defendant asserts the ALJ gave two other reasons for discounting Plaintiff's symptom claims, arguing the ALJ "noted inconsistencies in Plaintiff's reports about her impairments" and "found evidence that Plaintiff's conditions improved with treatment." ECF No. 18 at 11. Defendants cites references to the ALJ's recitation of the evidence which are not identified by the ALJ as reasons for rejecting Plaintiff's symptom statements. Tr. 38. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (noting the Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The ALJ did not provide any other legally sufficient reason for discounting Plaintiff's testimony.  Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, the ALJ's reasoning is inadequate, and the matter must be remanded for reconsideration.

**B.    Abebe Belete, ARNP**

Plaintiff contends the ALJ erred by failing to properly consider the opinion of Abebe Belete, ARNP.  ECF No. 14 at 11-15.  For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not required to, explain how other factors were considered.  20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

In July 2021, Mr. Belete, a psychiatric nurse practitioner, completed a Medical Source Statement form.  Tr. 1073-77.  He listed diagnoses of bipolar

ORDER - 17

disorder, current episode depressed moderate; and post-traumatic stress disorder unspecified.  Tr. 1077.  He opined that Plaintiff has a marked difficulty in maintaining concentration and has a hard time remembering things, a hard time concentrating, and is usually easily distracted.  Tr. 1073.  Mr. Belete also opined that Plaintiff is unable to understand, remember, and carry out short and simple or detailed instructions in an eight-hour workday five days per week.  Tr. 1073.  He indicated that Plaintiff has no problems attending appointments, groups, or meetings as scheduled.  Tr. 1075.  Socially, Mr. Belete noted Plaintiff deals with anxiety and being isolated from others, that she goes outside a few times per month, and that she has difficulty being in crowds of people.  Tr. 1075.  He opined that Plaintiff is easily stressed, becomes anxious, and occasionally experiences psychotic symptoms; and that she is limited in daily activities and is unable to work on a sustained basis.  Tr. 1077.  He noted that he has not observed her in a work setting and answered "N/A," or "not sure" to most other questions regarding Plaintiff's functional ability.  Tr. 1074-76.

The ALJ found Mr. Belete's opinion unpersuasive for several reasons.  Tr. 40-41.  First, the ALJ also found that there is no support for Mr. Belete's statement that Plaintiff is unable to work on a sustained basis.  Tr. 41.  The ALJ concluded this statement appears to be based in part on Plaintiff's subjective reports.  Tr. 41.  A medical opinion may be discounted if it relies on a claimant's unreliable self-report.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427

F.3d 1211, 1217 (9th Cir. 2005). Having found that the ALJ's assessment of Plaintiff's subjective reports is based on error, *supra*, this reasoning is insufficient.

Second, the ALJ found the opinion was rendered more than a year after the date last insured and that the records pertaining to the relevant period are not consistent with the degree of limitation assessed in July 2021. Tr. 41. "It is obvious that medical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988) (internal citations omitted); *see Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1228-29 (9th Cir. 2010) ("[E]vidence post-dating the [date last insured] is probative of . . . pre-[date last insured] disability."); *Svaldi v. Berryhill*, 720 F. App'x 342, 343-44 (9th Cir. 2017) (indicating that medical opinion issued after the DLI should be considered because it referred to the chronic condition and symptoms during the relevant period). To the extent the ALJ rejected the opinion because it post-dated the date last insured, the finding is erroneous. Otherwise, the ALJ's reasoning references the ALJ's conclusions regarding the objective medical evidence which must be reconsidered on remand, as discussed *supra*.

The ALJ's other reasons for rejecting Mr. Belete's opinion are also based at least partially on the ALJ's overall evaluation of the record which must be reevaluated as discussed throughout this decision. As such, Mr. Belete's opinion must also be reconsidered on remand.

**C.    Ankle Impairment**

ORDER - 19

1    Plaintiff contends the ALJ improperly found that she does not have a severe

2    ankle impairment.  ECF No. 14 at 15-18.  At step two of the sequential process, the

3    ALJ must determine whether there is a medically determinable impairment

4    established by objective medical evidence from an acceptable medical source.  20

5    C.F.R. § 404.1521.  A statement of symptoms, a diagnosis, or a medical opinion

6    does not establish the existence of an impairment.  *Id*.  After a medically

7    determinable impairment is established, the ALJ must determine whether the

8    impairment is "severe;" i.e., one that significantly limits his or her physical or

9    mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  However, the

10   fact that a medically determinable condition exists does not automatically mean the

11   symptoms are "severe" or "disabling" as defined by the Social Security regulations.

12   *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754

13   F.2d 1545, 1549-50 (9th Cir. 1985).

14   At step two, the ALJ found that Plaintiff did not establish a severe ankle

15   impairment before the date last insured.  Tr. 33.   In order to obtain disability

16   insurance benefits, a claimant must establish disability before the date last insured.

17   *See* 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520.  The burden of proof on this issue is

18   on the claimant.  *See Morgan v. Sullivan*, 945 F.2d 1079, 1080 -1081 (9th Cir. 1991)

19   (citing *Gamer v. Sec'y of Health and Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.

20   1987)).  In this case, Plaintiff's date last insured is June 30, 2020, and Plaintiff must

21   establish disability before that date.  *See* Tr. 30.

ORDER - 20

The ALJ noted that Plaintiff testified that she has ankle pain that causes difficulty standing and walking and that she can only be on her feet for 45 minutes before needing to rest or sit down.  Tr. 33.  She testified that she elevates and ices her ankle three to four times a day every day.  Tr. 33.  The ALJ noted that in August 2020, after the date last insured, Plaintiff first reported months of ankle pain to a provider.  Tr. 34 (citing Tr. 690).  The ALJ observed there is no documentation of her ankle condition before the date last insured.  Tr. 34.  Plaintiff was treated for ankle pain and swelling with medication and physical therapy, but the ALJ noted all treatment was after Plaintiff's date last insured.  Tr. 34, 635-82, 705-10, 989-1007.  Thus, the ALJ found a severe impairment was not established before the date last insured.  Tr. 34.

Because this finding is based in part on the ALJ's consideration of Plaintiff's symptom testimony, and because Plaintiff's symptom testimony must be considered on remand, the ALJ should also reconsider Plaintiff's ankle impairment at step two.  The Court makes no finding as to what the outcome should be on remand.

### CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  The Court hereby remands the Commissioner's decision.

Accordingly,

1. Plaintiff's Brief, **ECF No. 14**, is **GRANTED**.

ORDER - 21

2. Defendant's Brief, **ECF No. 18**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** May 16, 2024.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 22